JENNIFER K. ZELENY (Bar No. 15044)
**LAW OFFICE OF JENNIFER K. ZELENY**
2150 South 1300 East, Suite 500
Salt Lake City, Utah 84105
Telephone: (385) 202-1880
Facsimile: (385) 474-4072
jkzelenylaw@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REBECCA DONE<br><br>    Plaintiff,<br><br>vs.<br><br>BERLIN PACKAGING, L.L.C.<br><br>    Defendant. | **COMPLAINT**<br>**(JURY DEMANDED)**<br><br><br>Civil No.<br>Judge: |

Plaintiff, Rebecca Done, by and through her attorney, hereby complains against Berlin

Packaging, Inc., a foreign corporation doing business in Utah, as follows:

## I. NATURE OF THE CLAIMS

1.    This suit is brought by a female Latter-day Saint (Mormon) former employee of

the Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et*

*seq.*, ("Title VII"), and 42 U.S.C. §1981, as amended ("§1981"), and Title 28 of the United States

Codes, Section 703-1331, and through the Court's pendent jurisdiction for claims arising from a longstanding and ongoing practice and pattern of pervasive sexual and religious discrimination at the Defendant's Utah facility.  Plaintiff alleges that Defendant created, maintained and failed to correct a known hostile work environment for female Latter-day Saint (Mormon) employees, including the Plaintiff.

2.      Plaintiff seeks all available equitable relief, damages, attorney fees, costs and interest, punitive damages, as well as declaratory and injunctive relief.

## II.  PARTIES

3.      Plaintiff Rebecca Done is a Utah resident and was an "employee" of Defendant within the meaning of §2000e(f) of Title VII, at all relevant times.

4.      Berlin Packaging, L.L.C., is a foreign corporation that is registered and does business in Utah whose entity number is 2016682-0161, and a global provider of diverse stock packaging materials.

5.      At all relevant times, Berlin Packaging, L.L.C. was an "employer" within the meaning of §2000e(b) of Title VII.

## III.  JURISDICTION AND VENUE

6.      This action is authorized and instituted pursuant to 42 U.S.C. §2000e-5 and §1981, as amended, and Utah law.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337 and 1343.

7.      Venue is proper with this Court as all the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah and pursuant to 28 U.S.C. §1391(b).

8.      Plaintiff filed a charge of discrimination with both the Utah Anti-Discrimination and Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC") and has otherwise exhausted her administrative remedies within the meaning of Title VII.

9.      The EEOC/UALD issued Plaintiff a *Notice of Right to Sue* on March 10, 2015, and Plaintiff filed this Complaint within ninety (90) days. *See* Notice of Rights, attached as Exhibit 1.

## IV.  GENERAL ALLEGATIONS

### A.  Relevant Background

10.      Defendant maintains facilities at 3505 West California Avenue, Salt Lake City, Utah.

11.      Defendant has employees in Utah and throughout the United States.

### B.  Plaintiff

12.      Plaintiff Rebecca Done is a Female Latter-day Saint (Mormon) residing in the State of Utah.

13.      Berlin Packaging hired Ms. Done in November 2009, as an Account Coordinator.

14.      During the Plaintiff's employment, she was neither promoted to nor held any other positions within the company.

3

15.     During employment, Plaintiff was unaware of any sexual harassment policies and procedures within the company or distributed to the employees, including proper reporting procedures, until approximately February 2011, following a second formal complaint to her boss Deeann Johnson.

16.     While employed at Berlin Packaging Plaintiff performed her duties satisfactorily.

17.     Throughout her employment, Plaintiff was subjected to a hostile work environment due to her religious beliefs as well as her gender.

18.     Offensive and demeaning sexual and religious comments and actions were prevalent in her workplace, including but not limited to the following:

   a.     During February 2010, female employee, Peggy DeFa, exposed her bare buttocks and vagina in close proximity to Plaintiff's face.

   b.     During February 2010, the same female employee, Peggy DeFa, kissed Plaintiff on the mouth and kissed her face.

   c.     A male sales manager by the name of John would often initiate conversations with Plaintiff while he had an erection visible as a bulge in the front of his pants.

   d.      Employee Peggy Defa had a link to a popular pornography website "Youporn" saved to her desktop computer.  Defa would show plaintiff videos of pornography from this website and tell her that she could try the sexual techniques depicted in the videos once she was married.

   Additionally, Plaintiff's supervisor Jason McPhee and sales manager John

would often tell Plaintiff that she will be "good at [sex]" once she got

married and discuss sexual techniques in great detail with her.

e.      Employees Peggy DeFa and Plaintiff's supervisor Jason McPhee simulated

sexual acts, including anal sexual intercourse and masturbation in the

common work area.

f.      During the time that Plaintiff was employed at Berlin Packaging, emails

containing nudity and sexual humor were often circulated among

employees.  Management initiated or was included in many of these

emails.

g.      During February 2011, Plaintiff experienced constant demands to bake an

erotic "boob" cake.  The erotic cake was ultimately brought to the office

by Plaintiff's manager Deeann Johnson.

h.      Plaintiff was told to "get a job at the Temple" if she wanted a job without

sexual banter or comments in the workplace, and told "but that won't

make the car payment."

i.      Plaintiff was initially referred to as "Molly Mormon" by her coworkers.

The nickname was later changed to "The Purist," and her coworkers would

make comments such as, "Oh The Purist is here, so we can't talk."

j.      Plaintiff was subjected to disparaging and mocking comments about

Latter-day Saint temple garments, including the following:

      i.     "You're gonna have to stop being promiscuous once you get your temple underwear."

      ii.     "It's stupid and retarded to wear garments."

      iii.     "You're stupid as it is, but you're even dumber for believing that underwear can save you."

      iv.     "You have an odor, and I don't know if it's your church garments."

k.     Plaintiff was openly ridiculed in front of clients who brought samples of their products, including alcoholic beverages.  Instead of being allowed to discretely decline, her coworkers would tell clients that "Molly Mormon can't have any."

l.     Plaintiff had a religious picture taken from a discrete place in her private work area.

m.     Plaintiff was told that her request for time off from work for her endowment and temple marriage was for a "worthless" event, and was subjected to other disrespectful and mocking comments of Latter-day Saint (Mormon) temple rituals and ceremonies.

n.     On April 1, 2011, during a meeting with the entire staff of Berlin Packaging's Salt Lake City branch, Jim Solenberger, the Human Resources Director from the Chicago branch of Berlin Packaging stated, "Well, I'm back again, two years to the day," and told all of the employees they were "re-signing" a sexual harassment policy.

6

o.   During the month of April 2011, employees of the Salt Lake City branch
     of Berlin Packaging attended asexual harassment training at a local hotel.
     The training consisted of a "red-yellow-green" color scheme for coding
     appropriate communication.  The color green and saying "keep it in the
     green" became an inside joke within the company, as Plaintiff's maiden
     last name was Green at the time the harassment was occurring.

p.   Employees Bryce Allen and Peggy Defa had a letter opener that they
     referred to as "the scrotum poker" and would touch the groin areas of all
     the male employees in the office with it.  Additionally, employee Peggy
     Defa would regularly slap UPS and Federal Express driver's buttocks as
     they walked back to their truck.

q.   Manager Sherry Brau engaged in a speaker phone telephone conversation
     with employee Bryce Allen during which she discussed the color of her
     pubic hair.  This was done within the hearing range of the Plaintiff and
     made her very uncomfortable.

r.   Employees Peggy Defa and Bryce Allen printed a picture of a man with
     his penis and scrotum visible through a too-small jumpsuit and posted it in
     the common work areas where the man's face would frequently be covered
     with a cut-out face of a Berlin Packaging employee.

s.   Employee Peggy Defa frequently looked at pornographic pictures of men
     on the Internet, and showed it to her coworkers, including the Plaintiff,

7

while comparing their penises to her boyfriend's.  Defa would also describe her boyfriend's penis to her coworkers with great detail, including, *inter alia,* "It is so bent and long it could scratch your back."

t.    Employees Bryce Allen and Jay Stratton would look up websites that purported to sell supplements for male enhancement, show them to the Plaintiff, and tell her that she should order supplements for her future husband to "make their sex life better".

u.    Manager Dee Johnson would walk up to male employees and rub their back and shoulders while the men made statements such as, "Make me moan like I'm about to cum, baby."

v.    On one occasion, Manager John Jeffrey told the Plaintiff that his "balls are so large that they literally touch the water" when he uses the restroom. This statement was coupled with a hand motion indicating size that ended directly in front of the Plaintiff's face.

w.    Coworker Peggy Defa would bring popsicles to work and demonstrate correct fellatio technique to Plaintiff.

x.    Coworker Peggy Defa would grab Plaintiff's upper thigh area and shout, "Coming in hot!".  Sexual techniques, sexual "toys", sexual desires, and sexual arousal were all frequently discussed in work meetings.

z.      When Plaintiff asked Coworker Deeann Johnson when the harassment would stop, she was told to accept it, that, "It's the adult world" and that, "No religion can save you from it".

19.    Throughout her employment at Berlin Packaging, Plaintiff repeatedly complained about the hostile working environment, to no avail.  For example, the complaints of religious and sexual discrimination/harassment include, but are not limited to the following:

a.      During December 2009, Plaintiff reported her concerns with inappropriate workplace sexual discussions and banter to her immediate supervisor John Jeffrey.  Plaintiff was informed that the "last girl" who had worked in her position was a "Molly Mormon" who was let go for reporting harassment, and that she would also be fired if she wasn't "cool".

b.      On February 25, 2011, Plaintiff reported harassment to Deeann Johnson, her boss.

c.      On February 27, 2011, Plaintiff reported the harassment to a Human Resources employee in Chicago, IL by the name of "Loren".

d.      On March 31, 2011, Human Resources manager Jim Solenberger spoke on the telephone with Plaintiff regarding her concerns.

e.      On April 1, 2011, Solenberger and Kroger met in person with Plaintiff at the Berlin Packaging location in Salt Lake City, UT.  During the meeting, Solenberger cornered the Plaintiff and shouted at her, "Don't tell me how to run Berlin Packaging!" while pounding on a table, and became more

9

belligerent and aggressive when Plaintiff indicated she had consulted with an attorney.  Solenberger further told Plaintiff "[Deeann Johnson]'s demoted, we're gonna do training, no one needs to know…"

20.     Despite repeated complaints, Defendant failed to take immediate and effective remedial action and instead retaliated against the Plaintiff.

 a. On February 25, 2011, as a result of reporting harassment to manager Deeann Johnson for a second time, Plaintiff's workload was doubled. This new workload was unrealistic, and represented approximately four times the workload of other employees in comparable account coordinator positions.

 b. After Plaintiff reported harassment to manager Deeann Johnson, Johnson called her supervisor Sherry Brow in Chicago, IL, and began sending Brow constant updates about Plaintiff, such as "Becky was crying @12:31" or "Becky swore."  Plaintiff's coworkers subsequently began using an "instant messenger" program to communicate, in an effort to exclude Plaintiff from workplace communication.

 c. On February 27, 2011, as a result of reporting harassment to Human Resources manager Lauren Suva retaliation against Plaintiff increased and Plaintiff was given work assignments that she did not know how to do. Coworkers ignored her completely or told her to, "Talk to the hand" if she asked for help with these assignments.

10

    d.      Additionally, as a result of reporting harassment, coworker Sarah Borunda began giving the Plaintiff false and inaccurate information to include in her reports to customers. Borunda would then report to manager Sherry Brau that Plaintiff sent inaccurate information to the customer.

    e.      Additionally, as a result of reporting harassment, the Plaintiff was taken off a major account that she had managed daily. Plaintiff was told that she was taken off the account because "she could not do her job right" and then was asked to train the replacement account coordinator.

    f.      On May 24, 2011, Sherry Brow, a senior manager at the Salt Lake City branch of Berlin Packaging placed Plaintiff on a probationary performance plan. Plaintiff asked to take vacation as a result of psychological and physical symptoms that she was experiencing as a result of the harassment and was advised, "If you take your vacation, it will impact the performance plan. Just keep that in mind."

21.    After repeatedly complaining about sexual and religious harassment, the Plaintiff continued to be harassed and retaliated against, which forced the Plaintiff to leave her employment.

    a.      On or about May 25, 2011, Plaintiff took FMLA leave to address her psychological and physical symptoms. During FMLA, she began seeing a psychiatrist and a psychologist for her symptoms.

11

b.      Before and during the FMLA, Plaintiff experienced suicidal ideations, symptoms of anxiety and depression, and physical symptoms.  Plaintiff was ultimately diagnosed with Post Traumatic Stress Disorder.

22.     Because Defendant failed to remedy the hostile work environment, the Plaintiff filed a charge of discrimination with the Utah Labor Commission and the EEOC.

23.     The Plaintiff's complaints have not been taken seriously nor handled properly and the actions taken by Defendant have not been sufficient to stop the persistent religious and sexual harassment, which permeated the workplace at Berlin Packaging.

## COUNT I.  – DISPARATE TREATMENT

24.     Plaintiff incorporates by reference paragraphs 1 through 26 herein.

25.     Defendant's actions and specifically those of its supervisors and lower level employees were taken against the Plaintiff she is female and a Latter-day Saint (Mormon) and are in violation of Title VII of the Civil Rights Act.

26.     The actions complained of in violation of Title VII were part of a continuing pattern and practice of the Defendant.

27.     Defendant knew or should have known that female Latter-day Saint employees were being harassed by management and lower level employees, nevertheless, Defendant failed to take appropriate corrective action to discipline or otherwise restrain management and lower level employees.

28.     Defendant's actions and those of its supervisors were taken in the face of a perceived risk that such actions would violate federal law.

12

29.     Defendant's actions, and those of its supervisors, caused the Plaintiff to be constructively discharged from her employment.

30.     But for Plaintiff's membership in a protected class, Plaintiff would not have been the object of adverse employment action.

31.     Defendant's actions, and those of its supervisors and lower level employees, have caused Plaintiff to suffer general damages including; out-of-pocket expenses, emotional distress, and embarrassment, as a result of Defendant's actions, Plaintiff is entitled to an award of compensatory damages against the Defendant pursuant to the Civil Rights Act in addition to other damages, in such amount as will be proven at trial.

32.     Defendant's actions and those of its employees were willful and malicious, and/or recklessly disregarded the rights of Plaintiff.

33.     As a result of Defendant's actions, Plaintiff is entitled to an award of punitive damages against the Defendant pursuant to the Civil Rights Act of 1991, 42 U.S.C.A. §1981a(b), et seq., in addition to other damages, in such amount as will be proven at trial.

34.     Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. §2000(e)-5(k), in an amount to be established at trial.

## COUNT II. -  HOSTILE WORK ENVIRONMENT

35.     Plaintiff incorporates the allegations of the above paragraphs 1 through 34 herein.

36.     Plaintiff is female and a Latter-day Saint (Mormon) and has experienced a hostile work environment because of her gender and/or religion.

13

37.     Defendant's treatment of Plaintiff was unwelcome and included, but was not limited to, a pervasive pattern of blatant and offensive conduct and remarks about Plaintiff's gender and religion.

38.     This type of treatment was so severe and pervasive that it altered the conditions of her employment and had an adverse impact on her working environment.

39.     Defendant knew or should have known of the harassment and hostile environment perpetrated by management and lower level employees, and failed to take immediate and appropriate remedial action.

40.     Moreover, Defendant is vicariously liable for the hostile work environment created and maintained by its high level employees including, but not limited to, managers Deeann Johnson, Jason McPhee, John, Jay Kroger, and Jim Solenberger.

41.     Plaintiff has suffered damages such as lost compensation and benefits and emotional harm.

42.     Defendant's unlawful conduct toward Plaintiff is in violation of Title VII, as amended, was done with reckless disregard for her federally protected rights, and as such the Defendant should be subjected to punitive damages as well.

## COUNT III. - RESPONDEAT SUPERIOR

43.     Plaintiff incorporates the allegations of the above paragraphs 1 through 42 herein.

44.     The actions of Defendant's supervisors and managers Jason McPhee, Deeann Johnson, and John are attributable to the Defendant because:

14

a.      The supervisor's and manager's acts were implicitly and without limitation intended, directed, ratified and/or authorized by the Defendant because of the past history of similar acts engaged in by the Supervisor;

b.      Despite having knowledge of Jason, Deeann, and John's past history of similar acts and unfitness, Defendant acted recklessly in continuing to employ, promote and/or retain them; and;

c.      Jason, Deann, and John were employed in a supervisory capacity and were acting within the real or apparent scope of employment.

45.      Defendant's actions were the actual and/or proximate cause of severe emotional distress to the Plaintiff.

46.      Defendant's actions were of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

## COUNT IV. - CONSTRUCTIVE DISCHARGE

47.      Plaintiff fully incorporates paragraphs 1 through 46 herein.

48.      Defendant made Plaintiff's working environment so unbearable and intolerable that she was forced to tender her resignation.

49.      Plaintiff acted like a reasonable and prudent employee when tendering her resignation and because Defendant made the working environment so unbearable and intolerable any reasonable and prudent employee would have done the same.

50.      The conduct of the Defendant caused the Plaintiff extreme and lasting emotional and physical distress, and as a result of Defendant's actions, Plaintiff is entitled to an award of

compensatory and punitive damages against the Defendant pursuant to the Civil Rights Act in addition to other damages, in such amount as will be established at trial.

51.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §2000(e)-5(k) in such amount as will be established at trial, plus all costs incurred herein.

## COUNT V. - NEGLIGENT EMPLOYMENT, TRAINING AND SUPERVISION

52.     Plaintiff fully incorporates paragraphs 1 through 54 herein.

53.     Defendant knew or should have known that its managers and supervisors posed a risk to Plaintiff and other employees as set forth herein.

54.     Defendant was negligent in hiring, supervising, training and retraining its supervisors Jason, Deeann, and John who proximately caused the Plaintiff financial damages.

55.     Defendant had a duty to properly hire, train, and supervise its employees and managers and because Defendant failed to do so, Plaintiff has suffered loss of wages and accordingly, Plaintiff is entitled to recover punitive damages in an amount to be established by proof at trial.

## COUNT VI. - INJUNCTIVE RELIEF

56.     Plaintiff fully incorporates by reference of the above paragraphs 1 through 58 herein.

57.      Plaintiff believes that the circumstances warrant that the Defendant, Berlin Packaging, along with its supervising employees, agents, and all those subject to its control or acting in concert with it, should be forthwith enjoined from causing, encouraging, condoning, or permitting the practice of religious and sexual harassment of female employees by supervisors and

16

lower level employees within the company, to-wit, any unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a religious or sexual nature when submission to such conduct is explicitly or implicitly a requirement of the individual's employment, or used as a basis for any employment decision concerning that individual, or when such conduct has the purpose or effect of unreasonably interfering with the individual's work performance or creating an intimidating or hostile or offensive environment.

58.    Defendant should further be required to:

a.    Notify all employees and supervisors employed by Defendant through individual letters and permanent posting in prominent locations throughout its offices, that religious and sexual harassment, as explicitly defined in the previous paragraph, violates Title VII of the Civil Rights Act, regulatory guidelines of the Utah Labor Commission and the Equal Employment Opportunity Commission;

b.    Ensure that employees complaining of any unlawful harassment can avail themselves of the full and effective use of the complaint, hearing, adjudication, and appeals procedures for complaints of discrimination established by the Defendant, pursuant to Equal Employment Opportunity Commission regulations, 29 C.F.R. §§1613.201–1613.283 (1979);

c.    Develop appropriate sanctions or disciplinary measures for supervisors or other employees of the Defendant who are found to have unlawfully harassed female and/or Latter-day Saint (Mormon) employees, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person;

d.    Develop other appropriate means of instructing employees of the Defendant of

the harmful nature of unlawful harassment.  Defendant should be required to return to this Court within 60 days after the entry of an injunctive order to report on the steps it has taken in compliance with such order and to present its plans for the additional measures required by such injunctive order. The Court should retain full jurisdiction of this case.

WHEREFORE, Plaintiff respectfully prays that this Court:

1.    Issue an order enjoining Defendant to cease and desist from the conduct described above, and from harassing Plaintiff in any manner whatsoever.

2.    Issue an order requiring Defendant to take steps to protect Plaintiff and other employees similarly situated from the type of conduct described in above, and from all other forms of harassment in the future.

3.    Issue an order requiring Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

4.    Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff had not lost her opportunity for advancement with Berlin Packaging in an amount to be established at trial.

5.    Award Plaintiff compensatory damages for her emotional suffering and related medical and therapeutic expenses in an amount to be established at trial.

6.    Award pre-judgment and post-judgment interest at the highest lawful rate;

7.    Award Plaintiff's attorney's fees, including expert witness fees, in an amount to be established at trial, pursuant to 42 U.S.C.A. §2000e-5(k).

8.    Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

18

9.      Award Plaintiff punitive damages an amount to be established at trial.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 13th Day of May 2015.

/s/Jennifer K. Zeleny
Jennifer K. Zeleny, Esq.
Attorney for Plaintiff

# Exhibit
# 1

EEOC Form 161-A (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| | |
|---|---|
| To: **Becky Done**<br>**804 W. 17th Street**<br>**Ogden, UT 84404** | From: **Phoenix District Office**<br>**3300 North Central Ave**<br>**Suite 690**<br>**Phoenix, AZ 85012** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 35C-2011-00488 | **Jeremy A. Yubeta,**<br>**Supervisory Investigator** | **(602) 640-5028** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Rayford O. Irvin*

Enclosures(s)

**Rayford O. Irvin,**
**District Director**

**MAR 1 0 2015**
*(Date Mailed)*

cc: **BERLIN PACKAGING LLC**
**c/o Attorney**
**Stacey Bentley Seyfarth & Sahw**
**620 Eighth Ave.**
**New York, NY 10018**

**Michelle Swift**
**Attorney at Law**
**132 E Celeste Dr.**
**Midvale, UT 84047**